**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| EDWARD SMITH, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| FORESCOUT TECHNOLOGIES, INC., THERESIA GOUW, MICHAEL DECESARE, JAMES BEER, DAVID DEWALT, ELIZABETH HACKENSON, MARK JENSEN, KATHY MCELLIGOTT, ENRIQUE SALEM, and HEZY YESHURUN, ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on February 6, 2020 (the "Proposed Transaction"), pursuant to which Forescout Technologies, Inc. ("Forescout" or the "Company") will be acquired by affiliates of Advent International Corporation.

2. On February 6, 2020, Forescout's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ferrari Group Holdings, L.P. ("Parent") and Ferrari Merger Sub, Inc. ("Merger Sub," and together with Parent, "Ferrari"). Pursuant to the terms of the Merger Agreement, Forescout's stockholders will receive $33.00 in cash for each share of Forescout common stock they own.

3. On March 3, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Forescout common stock.

9. Defendant Forescout is a Delaware corporation and maintains its principal executive offices at 190 West Tasman Drive, San Jose, California 95134. Forescout's common stock is traded on the NASDAQ Global Market under the ticker symbol "FSCT."

10. Defendant Theresia Gouw is Chairman of the Board of the Company.

11. Defendant Michael DeCesare is President, Chief Executive Officer, and a director of the Company.

12. Defendant James Beer is a director of the Company.

13. Defendant David DeWalt is a director of the Company.

14. Defendant Elizabeth Hackenson is a director of the Company.

15. Defendant Mark Jensen is a director of the Company.

16. Defendant Kathy McElligott is a director of the Company.

17. Defendant Enrique Salem is a director of the Company.

18. Defendant Hezy Yeshurun is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Forescout (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of February 3, 2020, there were approximately 48,146,736 shares of Forescout common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if

defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. Forescout delivers device visibility and control to enable enterprises and government agencies to gain complete situational awareness of their environment and orchestrate action.

28. On February 6, 2020, Forescout's Board caused the Company to enter into the Merger Agreement.

29. Pursuant to the terms of the Merger Agreement, Forescout's stockholders will receive $33.00 in cash for each share of Forescout common stock they own.

30.     According to the press release announcing the Proposed Transaction:

Forescout Technologies, Inc. (NASDAQ:FSCT, "Forescout"), the leader in device visibility and control, today announced that it has entered into a definitive agreement under which Advent International ("Advent"), one of the largest and most experienced global private equity investors, will acquire all outstanding shares of Forescout common stock for $33.00 per share in an all-cash transaction valued at $1.9 billion. Advent will be joined by Crosspoint Capital Partners ("Crosspoint Capital"), a private equity investment firm focused on the cybersecurity and privacy industries, as a co-investor and advisor. . . .

Transaction Details

Under the terms of the agreement, which has been unanimously approved by the Forescout Board of Directors, Forescout shareholders will receive $33.00 in cash for each share of common stock they own. . . .

The transaction is expected to close in the second calendar quarter of 2020, subject to customary closing conditions, including approval by Forescout shareholders and receipt of regulatory approvals. Upon completion of the transaction, Forescout common stock will no longer be listed on any public market. . . .

Advisors

Morgan Stanley & Co. LLC is serving as exclusive financial advisor to Forescout and Wilson Sonsini Goodrich & Rosati is serving as legal counsel. Ropes & Gray is serving as legal counsel to Advent International and financing for the transaction is being arranged and provided by Owl Rock Capital.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

31.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

32.     As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33.     First, the Proxy Statement omits material information regarding the Company's financial projections.

34.     The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) non-GAAP EBIT and (b) EBITDA; (ii) projected net income; and (iii) a

reconciliation of all non-GAAP to GAAP metrics.

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

36. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Morgan Stanley & Co. LLC ("MS").

37. With respect to MS's Discounted Equity Value Analysis, the Proxy Statement fails to disclose: (i) the forward range of aggregate value to revenue multiples applied by MS and MS's basis for applying such multiples; (ii) projected net cash; (iii) Forescout's projected fully diluted share count; and (iv) the individual inputs and assumptions underlying the discount rate of 10.8 percent.

38. With respect to MS's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) projected net operating losses; (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.8 percent to 11.8 percent and the perpetual growth rates of 2.5 percent to 3.5 percent; (iv) the outstanding shares of common stock on a fully-diluted basis; and (v) Forescout's cash and debt.

39. With respect to MS's Precedent Premiums analysis, the Proxy Statement fails to disclose the premiums paid in the transactions observed by MS in the analysis.

40. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41. Third, the Proxy Statement fails to disclose the timing and nature of the past services MS provided to the parties to the Merger Agreement and their affiliates, and when MS informed defendants of such past services.

42. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

43. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Forescout Board and Reasons for the Merger; (iii) Opinion of Morgan Stanley; and (iv) Financial Forecasts.

44. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Forescout

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Forescout is liable as the issuer of these statements.

47. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

48. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

50. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

51. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

52. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of Forescout within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Forescout and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

57. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.	In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.	Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.	Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.	Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 17, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com